UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EDWARD JAMES DRYG,

    Petitioner,

    v.

SHEILA E. MITCHELL, Chief, Santa Clara County Probation Department,

    Respondent.
_____/

No. C 06-7729 PJH

**ORDER TO SHOW CAUSE**

Petitioner Edward James Dryg, who is presently on formal supervised probation following a judgment of conviction in the Superior Court of California, County of Santa Clara, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The court has read the petition and accompanying exhibits, and hereby ORDERS petitioner to SHOW CAUSE in writing why the petition should not be dismissed.

**BACKGROUND**

Petitioner was first charged in Santa Clara Superior Court in case No. 330917, on May 3, 2001. Petitioner was charged with felony violations of California Penal Code § 261.5(c) (unlawful sexual intercourse with minor more than three years younger than perpetrator), § 288a(b)(1) (oral copulation with minor), and § 289(h) (forcible sexual penetration by foreign or unknown object of person under age of eighteen), all alleged to have occurred on August 13, 1998. At the time the complaint was filed, petitioner was in the custody of the Federal Bureau of Prisons at the Federal Correctional Institution in

Lompoc, California, serving a sentence imposed by a federal district court. A detainer was lodged with the federal warden on May 29, 2001.[1]

On August 17, 2001, the Santa Clara County District Attorney mailed the warden at FCI Lompoc a Form V Request for Temporary Custody pursuant to California Penal Code § 1389, Art. V. The letter and the Form V were received at FCI Lompoc on August 20, 2001. Penal Code § 1389 is the California codification of the Interstate Agreement on Detainers (IAD).

The IAD establishes a procedure by which a prisoner against whom a detainer has been lodged may demand trial within 180 days of a written request for final disposition properly delivered to the prosecutor and appropriate court of the prosecutor's jurisdiction. Cal. Penal Code § 1389, art. III. The IAD also gives a state the right to obtain a prisoner for purposes of trial, in which case the state must try the prisoner within 120 days of his arrival in the state, and must not return the prisoner to his original place of imprisonment prior to that trial. Id., art. IV; see also Alabama v. Bozeman, 533 U.S. 146, 148-50 (2001).

If the state[2] receiving the request fails to act in compliance with the IAD, or "in the event that an action on the indictment, information or complaint on the basis of which the detainer has been lodged is not brought to trial within the period provided in Article III or Article IV," an order shall be entered dismissing the pending criminal charges with prejudice. Cal. Penal Code § 1389, art. V(c); see, e.g., United States v. Mauro, 436 U.S. at 364; People v. Brooks, 189 Cal. App. 3d 866, 872 (1987). In order to take advantage of the sanction of dismissal, however, the prisoner must strictly comply with the procedural

---

[1] A "detainer" is a notification filed with the institution in which a prisoner is serving a sentence, advising that he is wanted to face pending criminal charges in another jurisdiction. United States v. Mauro, 436 U.S. 340, 359 (1978). However, the lodging of a detainer is more than mere notice that an inmate is wanted in another jurisdiction. A detainer asks the institution to "hold the prisoner for the agency or to notify the agency when release of the prisoner is imminent." People v. Oiknine, 79 Cal. App. 4th 21, 23 (1999). Indeed, a "formal detainer" must be filed before an inmate may invoke the provisions of the IAD. People v. Rhoden, 216 Cal. App. 3d 1242, 1251 (1989).

[2] "State" includes "a state of the United States; the United States of America; a territory or possession of the United States; the District of Columbia; the Commonwealth of Puerto Rico." Cal. Penal Code § 1389, art. II.

requirements of the IAD.  <u>People v. Garner</u>, 224 Cal. App. 3d 1363, 1371 (1990); <u>People v. Rhoden</u>, 216 Cal. App. 3d at 1252.

On February 6, 2002, petitioner signed a form entitled "Notice and Demand for Trial Pursuant to California Penal Code § 1381.5 by a Person in Federal Custody."  The form was mailed to the Santa Clara District Attorney, where it was received on February 11, 2002, and was filed in the Santa Clara Superior Court on February 19, 2002.  Penal Code § 1381.5, which is part of California's Speedy Trial Act, permits federal prisoners with criminal proceedings pending in California courts to request to be brought to trial or to be sentenced in the state proceeding within 90 days of making the request.  If the defendant is not brought to trial or for sentencing as provided by § 1381.5, the court in which the action is pending "shall . . . dismiss the action."  Cal. Penal Code § 1381.5.

On May 31, 2002, petitioner filed a motion to dismiss without prejudice, asserting that the prosecution had violated the statutory time limits of Penal Code §§ 1381.5 and 1389, art. IV.  Notwithstanding the § 1389 request submitted by the Santa Clara District Attorney, the § 1381.5 request submitted by petitioner, and the motion to dismiss filed by petitioner, petitioner remained in federal custody at FCI Lompoc until he had finished serving his federal sentence in September 2002.  After he was brought to Santa Clara County, he entered a not guilty plea to the charges.  He also filed a motion to dismiss based on the alleged violation of the requirements of Penal Code §§ 1381.5 and 1389.  He sought dismissal of the charges with prejudice.

Following a hearing on August 29 and September 3, 2003, in which petitioner was represented by attorney Jerome Mullins, the Santa Clara Superior Court denied the motion to dismiss without prejudice.  The court found that the 90-day limit of § 1381.5 – not the 120-day limit of § 1389 – applied, based on the rule articulated in <u>Selfa v. Superior Court</u>, 109 Cal. App. 3d 182, 188 (1980) (where prisoner's demand for speedy trial complies with both § 1381.5 and § 1389, 90-day period provided by § 1381.5 controls over 180-day period provided by § 1389).  The court noted that under Penal Code § 1387, the dismissal

would be without prejudice.[3] The court also indicated that were it not for the Selfa rule, petitioner would have been found to have made a proper demand under Article III, and the dismissal would have been with prejudice.[4]

On October 14, 2003, the District Attorney refiled the previous felony charges against petitioner, in case No. 330917. Petitioner made his first appearance on November 11, 2003, representing himself through the preliminary hearing. He eventually retained attorney Guyton Jinkerson to represent him.

Petitioner demurred to the complaint, on the ground that the statute of limitations had run,[5] and the Information provided no language justifying an extension of the limitations period. The Superior Court granted the District Attorney's request to amend the Information, to address the statute of limitations issue. The First Amended Information was filed on February 18, 2004.

Petitioner renewed his demurrer to the First Amended Information, again arguing that the Information failed to allege that the statute of limitations for the charged offenses had been tolled. In an order issued April 7, 2004, the Superior Court found that the prior prosecution for the same offenses tolled the statute of limitations.

---

[3] As a general rule, an order dismissing an action for violation of the speedy trial statutes is a bar to further prosecution for the same offense if it is a misdemeanor, but not if it is a felony or a misdemeanor joined with a felony. Hence, a new felony action may ordinarily be instituted after the dismissal and within the period of the statute of limitations. 5 Witkin, Criminal Law (3d ed., 2000), Criminal Trials § 327. In Crockett v. Superior Court, 14 Cal. 3d 433, 436 (1975), the California Supreme Court explained as follows:

> Section 1387 provides that an order of dismissal of a criminal charge is not "a bar to any other prosecution for the same offense . . . if it is a felony." Included in such orders of dismissal are those granted by reason of the fact that the defendant was not brought to trial within statutory time limits. Although the right to a speedy trial is grounded in both the United States and California Constitutions, the timely refiling of charges once dismissed for denial of a speedy trial has been deemed constitutionally permissible absent a showing by the accused of actual prejudice.

[4] Although it is not clear from the papers, petitioner's position seems to have been that his § 1351.5 request should also have been considered a § 1389 request.

[5] Under California Penal Code § 803, the statute of limitations on the charged offenses is three years.

4

The court noted that there had been approximately three months and ten days left in the limitations period at the time the first prosecution began on May 3, 2001 (the date of issuance of the original warrant); that the limitation period was tolled until the first prosecution was terminated on September 3, 2003; and that the second prosecution began on October 28, 2003 (the date of issuance of the new arrest warrant).  Because the elapsed time between September 3, 2003, and October 28, 2003, was less than the number of days left in the limitations period, the court concluded that the limitations period had not yet run.  However, the court agreed with petitioner that on its face, the First Amended Information failed to plead facts indicating that the prosecution was not barred by the statute of limitations.  The court therefore granted the District Attorney leave to amend so that the Information would facially comply with the statute of limitations.

On July 20, 2004, petitioner entered a plea of nolo contendere to the three counts in the First Amended Information.  On August 26, petitioner filed a motion to arrest judgment, arguing that the each count in the First Amended Information was barred by the statute of limitations, and that the statute of limitations was not tolled by the filing of the arrest warrant in case No. 108386 on May 3, 2001, because the case was dismissed.  Petitioner also renewed the arguments he had made in connection with his motion to dismiss based on the alleged violation of Penal Code §§ 1381.5 and 1389.  On September 30, 2004, the Superior Court denied the motion to arrest judgment and imposed sentence pursuant to the terms of the plea agreement.

Also on September 30, 2004, plaintiff filed a notice of appeal from the order overruling the demurrer to the First Amended Information, the order denying the motion to dismiss based on violation of Penal Code § 1389, the order denying the motion in arrest of judgment, and the order granting probation.  Petitioner filed an application for issuance of a Certificate of Probable Cause on November 24, 2004.[6]  On November 29, 2004, the Superior Court denied the issuance of the Certificate of Probable Cause.  The California

---

[6] Penal Code § 1237.5 requires a defendant to obtain a Certificate of Probable Cause before appealing from a judgment of conviction based on a plea of nolo contendere.

5

Court of Appeal dismissed the appeal on December 15, 2004, and affirmed the judgment on September 26, 2005. The California Supreme Court denied review on November 30, 2005.

Petitioner filed a petition for writ of habeas corpus in the Santa Clara Superior Court on March 23, 2006, arguing that trial counsel was ineffective for failing to argue that case No. 330917 should have been dismissed with prejudice pursuant to Penal Code § 1389, and for failing to preserve that issue for appeal. The petition was denied on May 22, 2006. The Superior Court found that petitioner's February 2002 Penal Code § 1381.5 request failed to comply with the requirements of Penal Code § 1389, and that he was therefore not entitled to seek a dismissal with prejudice under § 1389. The court concluded that petitioner's trial counsel was therefore not ineffective for failing to resurrect the § 1389 dismissal claim, or for failing to obtain a Certificate of Probable Cause on that issue.

Petitioner sought reconsideration, asserting that the trial judge had found that petitioner's notice did comply with the requirements of a Penal Code § 1389 request, and that the court was bound to give that decision effect under the doctrines of res judicata and collateral estoppel. The court noted that under In re Harris, 5 Cal. 4th 813 (1993), "one may renew on habeas corpus certain challenges to a final judgment even after unsuccessfully raising the issue on direct appeal," but only if no law-of-the-case barrier exists. The court determined that in the case before it, there was no "law of the case" preventing it from concluding that the trial court had erred to the extent that it believed Petitioner met the requirements of a § 1389 motion. The motion for reconsideration was denied on July 5, 2006.[7] On August 28, 2006, petitioner filed a petition for writ of habeas corpus before the California Supreme Court. The petition was summarily denied on September 27, 2006.[8]

---

[7] The present petition does not include a copy of the petition filed with the Superior Court, or a copy of the motion for reconsideration. Petitioner has attached only copies of the orders issued by the state court.

[8] Again, petitioner has not attached a copy of the petition filed with the California Supreme Court.

**DISCUSSION**

A.  Legal Standard

A petitioner seeking habeas corpus relief in federal district court must allege that he is held in custody under a state court judgment and that such custody violates the Constitution, laws, or treaties of the United States.  28 U.S.C. § 2254(a).  Upon receipt of the petition, the court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto."  Id. § 2243.  Where "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court," summary dismissal may be appropriate.  Rule 4 of the Rules Governing § 2254 Cases.

B.  Petitioner's Claims

Petitioner filed the present petition for writ of habeas corpus on December 18, 2006.  He asserts a claim of ineffective assistance of counsel, arguing that trial counsel rendered ineffective assistance by not properly raising and preserving the challenge to the violation of the Interstate Agreement on Detainers (the Penal Code § 1389 claim).  Specifically, he argues that trial counsel rendered ineffective assistance by failing to renew the motion to dismiss under § 1389 after the charges were re-filed; by failing to argue under Zimmerman v. Superior Court, 248 Cal. App. 2d 56 (1967), that it was "unreasonable" to permit the prosecution to file a new complaint on the same charges after the expiration of the statute of limitations when the prosecution was at fault for not bringing him to trial within the 180 days required under § 1389, art. III, or within the 120 days required under § 1389, art. IV; by failing to argue a claim based on petitioner's alleged "once in jeopardy" plea; by failing to obtain an agreement from the prosecution to permit an appeal after the no-contest plea; and by failing to negotiate a settlement of the case that would permit an appeal.

C.  Analysis

The Sixth Amendment to the United States Constitution guarantees the effective assistance of counsel.  To support a claim of ineffective assistance of counsel, a petitioner

7

1  must make a two-part showing.  First, he must establish that, considering all the
2  circumstances, counsel's performance fell below an objective standard of reasonableness.
3  See Strickland v. Washington, 466 U.S. 668, 687-88 (1984).  Second, he must
4  demonstrate that he was prejudiced by counsel's deficient performance. Id. at 693-94.
5  Prejudice is found where "there is a reasonable probability that, but for counsel's
6  unprofessional errors, the result of the proceeding would have been different." Id. at 694.

7       Where a defendant voluntarily and intelligently pleads guilty to a criminal charge, he
8  cannot later raise in habeas corpus proceedings independent claims relating to the
9  deprivation of constitutional rights that occurred before the plea of guilty. Haring v. Prosise,
10 462 U.S. 306, 319-20 (1983) (guilty plea forecloses consideration of pre-plea constitutional
11 deprivations); Tollett v. Henderson, 411 U.S. 258, 267 (1973) (same); Hudson v. Moran,
12 760 F.2d 1027, 1029-30 (9th Cir. 1985) (no constitutional violation where defendant was
13 not informed that guilty plea would foreclose subsequent habeas relief).  A plea of nolo
14 contendere has the same effect as a plea of guilty.  Cal. Penal Code § 1016; see Ortberg v.
15 Moody, 961 F.2d 135, 137 (9th Cir. 1992) ("petitioner's nolo contendere plea precludes him
16 from challenging alleges constitutional violations that occurred prior to the entry of that
17 plea").  Thus, to the extent that plaintiff alleges ineffective assistance of counsel in
18 connection with his counsel's conduct of the case prior to the entry of the plea, he waived
19 those claims when he chose to enter the no contest plea.

20      A criminal defendant who pleads guilty may not collaterally challenge a voluntary
21 and intelligent guilty plea entered into with the advice of competent counsel. United States
22 v. Broce, 488 U.S. 563, 574 (1989).  The only challenge left open in federal habeas corpus
23 after a guilty plea is a challenge to the voluntary and intelligent character of the plea based
24 on the nature of the advice of counsel to plead.  Hill v. Lockhart, 474 U.S. 52, 56-57 (1985).
25 A defendant who pleads guilty on advice of counsel may attack the voluntary and intelligent
26 character of the guilty plea only by showing that the advice he received from counsel was
27 not within the range of competence demanded of attorneys in criminal cases. Tollett v.
28 Henderson, 411 U.S. at 266-67; Lambert v. Blodgett, 393 F.3d 943, 979-80 (9th Cir. 2004).

1  He must also show the reasonable probability that but for counsel's errors, he would not
2  have pleaded guilty and would have insisted on going to trial. Strickland, 466 U.S. at 688;
3  see also Hill, 474 U.S. at 58-59.

4  Here, although petitioner does not assert in the petition itself that his guilty plea was
5  not voluntary and intelligent because he received incompetent advice from counsel in
6  connection with the entry of the plea, he does attach, as Exhibit O to the petition, a
7  declaration in which he makes the following statements:  First, he contends that Mr.
8  Jinkerson (trial counsel during the second proceeding) "knew that I believed that my rights
9  under Zimmerman and [Penal Code § 1389, arts. III & IV] had been violated, and that I
10 wished to pursue this legal issue to the higher courts."  He also asserts that Mr. Jinkerson
11 told him that all his appeal rights would be preserved even if he pled no contest in case No.
12 330917.  He claims further that "[o]n advice of counsel, and clearly believing my appeal
13 rights were indeed preserved and would survive a guilty plea, I did so consent to plead
14 guilty."  Finally, he contends that Mr. Jinkerson's assessment of the legal issues and his
15 advice that petitioner's issues would be preserved for appeal were "the only factors I
16 considered regarding my decision to accept the guilty plea in the trial court."  The court
17 interprets the statements in petitioner's declaration as sufficient to assert a claim of
18 ineffective assistance of counsel, based on a claim that he received incompetent advice
19 from counsel in connection with the entry of the plea.

20 Habeas corpus law requires that a petitioner "exhaust" his state court remedies
21 before pursuing a claim in a federal habeas petition. 28 U.S.C. § 2254(b).  To exhaust a
22 claim, a habeas petitioner must fairly present it to the highest state court for review in the
23 manner prescribed by state law. See O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999).
24 Unless a petitioner has exhausted his state court remedies relative to a particular claim, a
25 federal district court cannot grant relief on that claim, although it does have the discretion to
26 deny the claim. 28 U.S.C. § 2254(b)(2).

27 In the present case, it does not appear from the petition and accompanying exhibits
28 that plaintiff has exhausted his claim of ineffective assistance of counsel based on

9

counsel's advice to plead guilty. Before petitioner will be permitted to proceed further, he must establish that he presented the highest state court available with a fair opportunity to rule on the merits of this specific ineffective assistance of counsel claim. See Kelly v. Small, 315 F.3d 1063, 1067-69 (9th Cir. 2003).

## CONCLUSION

In accordance with the foregoing, petitioner is ORDERED to SHOW CAUSE in writing, no later than February 5, 2007, why the claim of ineffective assistance of counsel in connection with counsel's advice to plead nolo contendere should not be dismissed for failure to exhaust, and why the remaining claims of ineffective assistance of counsel should not be dismissed because they are barred by the fact of petitioner's guilty plea.

**IT IS SO ORDERED.**

Dated: January __, 2007

  
PHYLLIS J. HAMILTON  
United States District Judge