United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EDWARD JAMES DRYG,

    Petitioner,

    v.

SHEILA E. MITCHELL, Chief, Santa Clara County Probation Department,

    Respondent.
_____/

No. C 06-7729 PJH

**ORDER RE: EXHIBITS TO PETITION**

    Petitioner Edward James Dryg ("Dryg") filed a petition for a writ of habeas corpus on December 16, 2006. He attached to his petition three documents, including two declarations, not previously submitted to the state courts. *See* Exhs. O-Q, Petition. These documents include Dryg's declaration, the declaration of one of his trial attorneys, Jerome P. Mullins, and an unauthenticated email from another one of his trial attorneys, Guyton Jinkerson. Dryg, however, failed to submit a proper request for expansion of the record pursuant to Rule 7 of the Rules Governing § 2244 cases.

    The requirements of 28 U.S.C. § 2254(e)(2), governing requests for evidentiary hearings, also apply to decisions regarding expansion of the record under Rule 7. *See Cooper-Smith v. Palmateer,* 397 F.3d 1236, 1241 (9th Cir. 2005). Section 2254(e)(2) provides:

> If the applicant has failed to develop the factual basis of a claim in state court proceedings, the court shall not hold an evidentiary hearing unless the applicant shows that:
>
> (A) the claim relies on–

    (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

    (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; *and*

  (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

  The United States Supreme Court has interpreted the opening paragraph of the section to provide that where a petitioner has indeed exercised diligence to "develop the factual bases" of his claims in state court, the requirements of section 2254(e)(2)(A)& (B) do not apply to his request for an evidentiary hearing, or in this case, to a potential request to expand the record. *Williams v. Taylor*, 529 U.S. 420, 435 (2000); *Holland v. Jackson*, 542 U.S. 649, 652-53 (2004).  In other words, a petitioner who has exercised such diligence will be taken out of the purview of section 2254(e)(2). *Griffey v. Williams*, 345 F.3d 1058 (9th Cir. 2003), *vacated on other grounds as moot*, 349 F.3d 1157 (9th Cir. 2003) (petitioner died); *Williams*, 529 U.S. at 430 (showing under 2254(e)(2) "applies only to prisoners who have 'failed to develop the factual basis of a claim in state court proceedings'"). Diligence "depends upon whether petitioner made a reasonable attempt, in light of the information available at the time, to investigate and pursue claims in state court." *Cooper-Smith*, 397 F.3d at 1241 (quoting *Williams*, 529 U.S. at 435).

  Accordingly, if Dryg seeks to satisfy the threshold requirement for expansion of the record, he must provide an explanation for his failure to submit the documents to the state court, and furthermore demonstrate the relevance and necessity of the new declarations.

  If Dryg wishes to have this court consider Exhibits O-Q, he must file a written motion for expansion of the record **no later than two weeks from the date of this order.** Respondent may file an opposition **within two weeks** of Dryg's request.  Dryg's reply, if any, is due **one week** following respondent's reply.  If Dryg fails to file the written request in

////

////

2

accordance with this order, the court will NOT consider Exhibits O-Q in adjudicating the merits of Dryg's petition for writ of habeas corpus.

**IT IS SO ORDERED.**

Dated: August 6, 2008

_____
PHYLLIS J. HAMILTON
United States District Judge